IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MORALES, | No. C 11-05231 EJD (PR) |
| Plaintiff, | ORDER GRANTING MOTION TO STAY; GRANTING MOTION TO REINSTATE DEFAMATION CLAIM |
| vs. | |
| MATHEW CATE, et al., | |
| Defendants. | (Docket Nos. 17 & 27) |

Plaintiff, a California inmate, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ('PBSP") officials for unconstitutional acts. Defendants filed a motion to stay this action pending resolution of Plaintiff's state habeas actions. (Docket No. 27, ("Mot.").) Plaintiff filed opposition, and Defendants filed a reply.

**DISCUSSION**

**A.      Motion to Stay**

In his complaint, Plaintiff alleges that PBSP officials violated his right to due process when they validated him as an active prison gang member in 2011. (Compl. at 6.) Plaintiff was validated as an associate of the Mexican Mafia prison gang on February 24, 2011. Plaintiff also claims that the validation was "in conspiracy to retaliate against

Plaintiff for his legal activities" and that Defendants retaliated against him for his legal activities, in violation of his First Amendment rights. (Id. at 9, 11.) Lastly, Plaintiff claims that supervisors are liable for their subordinates' unconstitutional acts. (Id. at 13.) Liberally construed, the Court found Plaintiff stated cognizable claims under § 1983.

Defendants have filed a motion to stay this action pending resolution of Plaintiff's state habeas action, contending that the action involves the same facts and legal theories as the instant action.[1] (Mot. at 1.) On January 12, 2012, Plaintiff filed a state habeas petition in Del Norte County Superior Court, claiming that his February 2011 gang validation violated his due process rights and was motivated by retaliation for his legal activities. (Req. Jud. Not., Ex. A.) On March 5, 2012, the state court ordered the respondent to informally respond to the petition, to specifically address Plaintiff's allegation that there is no evidence of a "direct link" used in his gang validation. (Id., Ex. B.) On March 15, 2012, the California Attorney General's office served an informal response on the state's behalf. (Id., Ex. C.) On March 28, 2012, Plaintiff served an informal reply. (Id., Ex. D.) On May 4, 2012, the state court requested additional information from the respondent on the issue of whether there is evidence of a "direct link." (Id., Ex. E.)

Defendants assert that by the time they received notice of the instant federal action by this Court's Order of Service filed on April 2, 2012, Plaintiff's state habeas action was well underway. Defendants first argue that the instant action should be stayed in deference to the pending, parallel state action. Second, they argue that the issue of what constitutes a "direct link" is particularly suited to the California courts. Lastly, Defendants argue that more progress has been made in the state case and that it would be inefficient to allow the federal litigation to proceed. In opposition, Plaintiff argues, among other things, that the state action only involves declaratory relief and does not bar him from seeking damages in this federal action.

---

[1] The Court grants Defendants' request for judicial notice of the documents submitted in support of their motion. Plaintiff's objections in this regard are without merit.

1	The Court is persuaded that a stay of the instant federal action is appropriate until
2	the pending state action is resolved. See Nakash v. Marciano, 882 F.2d 1411, 1415
3	(1989) ("[A] federal court may stay its proceedings in deference to pending state
4	proceedings"). Although it is true that the type of relief Plaintiff seeks in each action is
5	different, the issues presented are "substantially similar" if not identical: Plaintiff is
6	attacking the same 2011 gang validation on the grounds that it violates due process and
7	that it was based on retaliatory motives. Lastly, allowing this action to proceed would be
8	highly inefficient in light of how far the state matter has progressed.

9	Furthermore, the Court cannot ignore the potential that res judicata or collateral
10	estoppel may bar this action after judgment is rendered in the state court proceedings.
11	Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must
12	give to a state-court judgment the same preclusive effect as would be given that judgment
13	under the law of the State in which the judgment was rendered." Migra v. Warren City
14	School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see Adam Bros. Farming, Inc. v.
15	County of Santa Barbara, 604 F.3d 1142, 1148 (9th Cir. 2010) (same). A civil rights
16	action under § 1983 may be dismissed as barred by res judicata, for example, if a prior
17	California state court judgment rendered a valid judgment on the merits in favor of a
18	defendant. See Takahashi v. Bd. of Trustees, 783 F.2d 848, 850-51 (9th Cir.) (citing
19	Slater v. Blackwood, 15 Cal.3d 791, 795 (1976)), cert. denied, 476 U.S. 1182 (1986).

20	Accordingly, Defendants' motion for stay is GRANTED. The instant federal
21	action will be stayed until final judgment in the state court is rendered.

22	**B.	Motion to Resinstate State Claim**

23	In its order of service, the Court dismissed Plaintiff's defamation claim for failure
24	to state a cognizable claim. (See Docket No. 6 at 2, citing Paul v. Davis, 424 U.S. 693,
25	701-710 (1976) (recognizing that defamation alone does not state a constitutional claim,
26	even when done under color of state law)). Plaintiff asserts in a "motion to alter
27	judgment" that his defamation claim is cognizable as a "defamation-plus" claim, *i.e.*, as
28	an "injury to reputation... inflicted in connection with a federal protected right." (Docket

1  No. 17 at 2.)

2  According to the Ninth Circuit, a § 1983 "defamation-plus" claim requires an
3  allegation of injury to a plaintiffs reputation from defamation accompanied by an
4  allegation of injury to a recognizable property or liberty interest. Cooper v. Dupnik, 924
5  F.2d 1520, 1532 (9th Cir. 1991). "There are two ways to state a cognizable § 1983 claim
6  for defamation-plus: (1) allege that the injury to reputation was inflicted in connection
7  with a federally protected right; or (2) allege that the injury to reputation caused the
8  denial of a federally protected right." Herb Hallman Chevrolet v. Nash-Holmes, 169 F.3d
9  636, 645 (9th Cir. 1999).

10  Plaintiff claims that Defendants' unconstitutional acts in validating him as an
11  active prison gang member damaged his reputation and his right of access to the courts.
12  (Compl. at 12.) Liberally construed, this claim is sufficient to state a cognizable § 1983
13  claim. See Cooper, 924 F.3d at 1532. Accordingly, Plaintiff's motion to alter judgment,
14  (Docket No. 17), is GRANTED. Plaintiff's defamation-plus claim is hereby reinstated.
15  Defendants shall answer with respect to this claim and the other cognizable claims
16  discussed in the Court's Order of Service in their motion for summary judgment or other
17  dispositive motion after .

## CONCLUSION

20  For the foregoing reasons, the Court orders as follows:

21  1. Defendants' motion to stay proceedings, (Docket No. 27), in federal court is
22  GRANTED. Further proceedings in this Court are STAYED pending the outcome of the
23  proceedings in the state court. Defendants **shall** inform the Court **within fifteen (15)**
24  **days** of the date any judgment is rendered in the state courts or those proceedings are
25  otherwise resolved. At that time, the stay will be lifted unless either party shows cause
26  for extending the stay pending any state court appeal.

27  2. Plaintiff's motion to reinstate the defamation claim, (Docket No. 17), is
28  GRANTED.

This order terminates Docket Nos. 17 and 27.

DATED: 8/3/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

        Plaintiff,

  v.

MATHEW CATE , et al.,

        Defendants.

Case Number: CV11-05211 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/7/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseluis Morales P 63392
Corcoran State Prison
P. O. Box 3476
Corcoran, CA 93212

Dated: 8/7/2012

                              Richard W. Wieking, Clerk
                             /s/By: Elizabeth Garcia, Deputy Clerk