IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE LUIS MORALES, | ) | No. C 11-05211 EJD (PR) |
| Plaintiff, | ) ) | ORDER DENYING REQUEST TO |
| | ) | ACCEPT PETITION FOR A WRIT OF |
| v. | ) | HABEAS CORPUS; DIRECTIONS TO |
| | ) | PLAINTIFF |
| | ) | |
| MATHEW CATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket No. 50) |

Plaintiff, a California inmate, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officials for unconstitutional acts. Plaintiff has filed a motion requesting that the Court allow him to convert this instant civil rights action into a writ of habeas corpus. (Docket No. 50.) For the reasons set forth below, this motion is DENIED.

**BACKGROUND**

On October 25, 2011, Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officials for unconstitutional acts. On April 2, 2012, the Court found the complaint stated cognizable due process and retaliation claims with respect to his 2011 validation as an active prison gang member. (Docket No. 6 at 2.) On August 7, 2012, the Court granted Plaintiff's motion to reinstate his state-law "defamation-plus" claim, and granted Defendants'

1   motion to stay this case pending the outcome of Plaintiff's related state-court

2   proceedings.  (Docket No. 37.)

3        On October 4, 2013, the Court lifted the stay, having received notice that the state

4   superior court had denied Plaintiff's state habeas petition on September 9, 2013, and

5   ordered Defendants to file a dispositive motion.  (Docket No. 40.)  On January 6, 2014,

6   the Court granted Plaintiff's unopposed request to stay the case pending resolution of

7   Plaintiff's related habeas action through all levels of state court.  (Docket No. 45.)

8        On December 4, 2014, the Court lifted the stay and granted Plaintiff's request for

9   leave to file an amended complaint to add claims that relate back to his original

10  complaint.  (Docket No. 49.)  In response, on January 2, 2015, Plaintiff filed a motion

11  requesting that the Court convert this instant action into a habeas corpus proceeding and

12  attached a proposed petition of writ of habeas corpus.  (Docket No. 50.)

13                              **DISCUSSION**

14       Plaintiff argues that the <u>Heck</u> rule will prevent him from seeking relief on the

15  claims in his instant complaint.  (Docket No. 50 at 1.)  In <u>Heck v. Humphrey</u>, 512 U.S.

16  477 (1994), the Supreme Court held that in order to recover damages for an allegedly

17  unconstitutional conviction or imprisonment, or for other harm caused by actions whose

18  unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff

19  must prove that the conviction or sentence has been reversed on direct appeal, expunged

20  by executive order, declared invalid by a state tribunal authorized to make such

21  determination, or called into question by a federal court's issuance of a writ of habeas

22  corpus.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing

23  that relationship to a conviction or sentence that has not been so invalidated is not

24  cognizable under § 1983.  <u>Id.</u> at 487.  <u>Heck</u> is inapplicable here because Plaintiff is not

25  challenging the conviction itself.  Plaintiff appears to be referring to res judicata or

26  collateral estoppel since his concern that exhausting his state remedies has somehow left

27  him unable to pursue his complaint.  (Docket No. 51 at 1.)  The federal courts have

28  traditionally adhered to the related doctrines of res judicata and collateral estoppel.  <u>See</u>

1  Allen v. McCurry, 449 U.S. 90, 94 (1980).  Under res judicata, a final judgment on the
2  merits bars further claims by parties or their privies based on the same cause of action.
3  See Montana v. United States, 440 U.S. 147, 153 (1979).  Under collateral estoppel, once
4  an issue is actually and necessarily determined by a court of competent jurisdiction, that
5  determination is conclusive in subsequent suits based on a different cause of action
6  involving a party to the prior litigation.  See id.  The Court will presume that Plaintiff is
7  concerned about the effects of res judicata and collateral estoppel.

8      Regardless, Plaintiff states that after exhausting his state court remedies, he can no
9  longer pursue his claims via a § 1983 action and that his only avenue for relief would be
10 via a writ of habeas corpus and requests that the Court convert the instant action to a writ
11 for habeas corpus in the interests of justice and judicial economy.  (Docket No. 50 at 1.)
12 He argues that Defendants will not be prejudiced by any such conversion because the
13 claims are the same.  (Ibid.)

14     Defendants oppose Plaintiff's request on various grounds.  First, they argue that
15 the instant action seeks compensatory and punitive damages which are not available in
16 federal habeas corpus.  (Docket No. 51 at 3.)  Second, they argue that federal habeas
17 jurisdiction is lacking because success on Plaintiff's claims would not necessarily shorten
18 the duration of his custody.  (Ibid.)  Finally, they argue that allowing Plaintiff to
19 circumvent federal-habeas procedures would prejudice potential respondents' ability to
20 assert grounds for dismissal.  (Ibid.)

21     Defendants' first two arguments are without merit.  Although Plaintiff's initial
22 complaint sought compensatory and punitive damages, his proposed habeas petition does
23 not seek damages.  (Docket No. 52 at 2.)  Secondly, the Ninth Circuit has recently
24 affirmed that the expungement of gang validation can be brought in a habeas petition
25 where the expungement would result in a quantum change in the level of custody.  Nettles
26 v. Grounds, No. 12-16935, slip op. at 24–28 (9th Cir. May 28, 2015) (holding that
27 prisoner's claim that the gang validation process violated his due process rights was
28 cognizable in habeas because expungement of the gang violation would result in release

from SHU to the general prison population).  Here, Plaintiff appears to be confined in SHU because he has been validated as gang member.  (See Docket No. 50 at 8.) Accordingly, the expungement of his gang validation would allow for his release to general population, thereby effecting a change in his custody level.  Plaintiff's due process challenge to his gang validation is therefore cognizable in federal habeas.

The Court also finds Defendants' third argument unpersuasive.  If this action were converted to a habeas action, Defendants would still be able to seek dismissal of the habeas petition.

However, the Court finds that Plaintiff should not be granted leave to convert the instant action into a habeas proceeding.  His desire to find a more favorable litigation vehicle does not compel the Court to convert this § 1983 action.

When Plaintiff decided to challenge his 2011 gang validation, Plaintiff had multiple avenues through which he could seek relief.  He could file a state habeas action; he could file a federal civil rights action; or he could file a federal writ of habeas corpus.

Each type of action offers different advantages and disadvantages.  For example, a federal habeas court only has the power to release a prisoner.  Fay v. Noia, 372 U.S. 391, 431 (1963), overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The only ground for a federal habeas petition is that the petitioner is custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  State habeas petitions have a wider scope and can be used to review both convictions and the conditions of confinement that occur after a conviction.  36 Cal. Jur. 3d Habeas Corpus § 12 (2015).  In addition, in state habeas, a prisoner has standing to challenge, in the courts, the constitutionality of a rule applicable to his or her confinement without first violating that rule and suffering disciplinary action.  Id.  A state habeas court can order that a petitioner be released from illegal imprisonment, and can also determine and enforce rights in connection with the sentence or confinement.  B.E. Witkin et al., 6 Witkin, Cal. Crim. Law 4th, Crim Writs, § 19, p. 624 (2012).  A federal habeas court cannot award damages, see Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), while a civil rights action

1  can, see Carey v. Piphus, 435 U.S. 257, 264 (1978).

2       Each type of action also has different filing requirements.  Federal habeas

3  petitioners are required to meet a one-year statute of limitations and exhaust state

4  remedies, as set forth in 28 U.S.C. §§ 2244(d)(1), 2254(b)(1).  See 28 U.S.C. §§

5  2244(d)(1), 2254(b)(1).  Civil rights plaintiffs must exhaust administrative remedies, see

6  42 U.S.C. § 1997(e)(a); and must comply with the relevant state statute of limitations, see,

7  e.g., Wallace v. Kato, 548 U.S. 384, 387 (2007) (because § 1983 contains no specific

8  statute of limitations, federal courts should borrow state statutes of limitations for

9  personal injury actions in § 1983 suits).

10      When deciding to bring his due process challenge to his gang validation, Plaintiff

11 chose to simultaneously file a state habeas action and a federal civil rights action,

12 presumably because these actions were more favorable to him than filing a federal habeas

13 petition.  This is not a case where Plaintiff's complaint evinced a clear intention to state a

14 habeas claim.  Rather, Plaintiff sought damages, which were unavailable to him in a

15 habeas action.  However, now that Plaintiff believes that res judicata or collateral estoppel

16 bars the current action, he seeks to proceed with his claims by converting this action to a

17 petition for a writ of habeas corpus.  He claims that converting this action would serve the

18 interests of justice and judicial economy, and that neither of the parties would be

19 prejudiced.  Plaintiff's request that the Court convert the instant civil rights action into a

20 writ of habeas corpus is DENIED.  Simply put, the reasons proffered by Plaintiff are

21 unpersuasive.  If Plaintiff wishes to challenge his gang validation via a writ of habeas

22 corpus, he may commence a separate action.

23      However, it appears that Plaintiff must act promptly if he intends to challenge his

24 gang validation via a writ of habeas corpus.  For prisoners challenging administrative

25 decisions such as the revocation of good time credits or the denial of parole, Section

26 2244(d)(1)(D) of the United States Code, title 28, applies and the one-year limitations

27 period begins to run on the date the administrative decision becomes final.  Shelby v.

28 Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (limitation period began to run the day after

1  he received timely notice of the denial of his administrative appeal challenging

2  disciplinary decision); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations

3  period began to run when BPT denied prisoner's administrative appeal challenging the

4  BPT's decision that he was unsuitable for parole).  Under Section 2244(d)(1)(D), the one-

5  year limitation period starts on the date on which "the factual predicate of the claim or

6  claims presented could have been discovered through the exercise of due diligence."  28

7  U.S.C. § 2244(d)(1)(D).  The time begins "'when the prisoner knows (or through

8  diligence could discover) the important facts, not when the prisoner recognizes their legal

9  significance.'"  <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting <u>Owens</u>

10  <u>v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further

11  factual findings concerning determination of when, with exercise of due diligence,

12  petitioner could have discovered facts to support prejudice prong of IAC claim).  The

13  "factual predicate" of the habeas claims is the administrative appeal board's denial of the

14  administrative appeal; it is not the denial of the state habeas petition.  <u>See</u> <u>Redd</u>, 343 F.3d

15  at 1082.  A prisoner challenging an administrative decision does, however, receive

16  statutory tolling for the period when state habeas petitions are pending.  <u>See</u> <u>id</u> at 1084.

17  **CONCLUSION**

18      For the reasons set forth above, the Court orders as follows:

19      1.    Plaintiff's request that the Court convert the instant civil rights action into a

20  writ of habeas corpus is DENIED.  (Docket No. 50.)  If Plaintiff wishes to challenge his

21  gang validation via a writ of habeas corpus, he should promptly commence a separate

22  action.  The Clerk is directed to send Plaintiff two copies of the Court's form habeas

23  petition.

24      2.    Plaintiff has informed the Court that he is prevented "from seeking or

25  pursuing his complaint even if amended."  (Docket No. 50 at 1.)  Since Defendants have

26  not yet served an answer, Plaintiff has the option of seeking a voluntary dismissal of this

27  case without prejudice by filing a notice of dismissal pursuant to Rule 41(a)(1)(I) of the

28  Federal Rules of Civil Procedure.

3.      If Plaintiff wishes to proceed with this case, he has two options.  He may proceed on the complaint which initiated this action (Docket No. 1).  Or he may amend his complaint.  The Court has previously granted Plaintiff leave to amend his complaint. (Docket No. 49.)  If Plaintiff still wishes to amend his complaint, Plaintiff shall file an amended complaint stating claims that relate back to his original complaint **no later than twenty-eight (28) days from the date this order is filed**.  **Failure to file an amended complaint in the time provided will result in the case proceeding on the operative complaint (Docket No. 1).**

The amended complaint must include the caption and civil case number used in this order (11-05211 EJD (PR)) and the words "AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the previous complaint, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 50.


DATED: _____7/10/2015_____          _____
                                                                EDWARD J. DAVILA
                                                                United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSELUIS MORALES,

          Plaintiff,

     v.

MATHEW CATE, et al.,

          Defendants.

Case No.  5:11-cv-05211-EJD

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on 7/10/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseluis  Morales ID: P 63392
California Substance Abuse Treatment Facility and State Pris
P. O. Box 5242
Corcoran, CA 93212

Dated: 7/10/2015

Richard W. Wieking
Clerk, United States District Court

By
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA